UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 12-00622 JVS(JPRx)   Date  August 6, 2013

Title  Barbara Padilla, et al. v City of Anaheim, et al

Present: The Honorable   James V. Selna

Ellen Matheson for Karla Tunis | None
--- | ---
Deputy Clerk | Court Reporter
Attorneys Present for Plaintiffs: | Attorneys Present for Defendants:
Not present | Not present

**Proceedings:**  (IN CHAMBERS) Order Re Defendants' Motion for Summary Judgment and/or Partial Summary Judgment

    Defendants City of Anaheim ("the City") and Anaheim Police Department Officer David Garcia ("Officer Garcia") (collectively, "Defendants") move for summary judgment and/or partial summary judgment pursuant to Fed. R. Civ. P. 56 against Plaintiffs Barbara Padilla and Mario Ceja (collectively, "Plaintiffs"). (Motion, Docket No. 26.) Plaintiffs oppose. (Opposition, Docket No. 27.) Defendants have replied. (Reply, Docket No. 28.) For the following reasons, the Motion is **GRANTED in part** and **DENIED in part**.

I.    BACKGROUND[1]

    Plaintiffs' claims arise out of the death of Marcel Ceja ("Ceja") midday on November 4, 2011. Officer Garcia was driving on Ball Road, west of Belhaven Street, in an area known for gang and drug trafficking problems. (Defendants' Statement of Uncontroverted Facts ("SUF") ¶ 1, Docket No. 26-3.) Three men, later identified as Ceja, Edwin Salinas, and Jose Gonzalez, were walking west on Ball Road. (Id.) They were wearing baggy sweatshirts with hoods pulled over their heads. (Id.) Officer Garcia drove past the men before deciding to make contact with them. (Id. ¶¶ 1–2.) When he looped his car back to Ball Road, the men were no longer walking westbound, but eastbound.

---

[1] Unless otherwise noted, the facts set forth are uncontroverted. To the extent challenged evidence is material to the Court's decision, objections are resolved as stated herein. Objections to evidence the Court does not rely on are immaterial, and the Court does not rule on them. The Court does not rely on legal conclusions presented as facts. Although Plaintiffs have disputed facts put forth by Defendants (see Statement of Genuine Disputes ("SGD"), Docket No. 27-2), Defendants have not objected to evidence put forth by Plaintiffs.

Case 8:12-cv-00622-JVS-JPR   Document 31   Filed 08/06/13   Page 2 of 9   Page ID #:289

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 12-00622 JVS(JPRx)                           Date    August 6, 2013

Title       Barbara Padilla, et al. v City of Anaheim, et al

(Id. ¶ 2.) Officer Garcia believes they changed direction to avoid him.[2]

Officer Garcia parked on East Ball Road and exited his patrol car. (Id. ¶ 3.) When he was 10–12 feet west of Ceja, he said, "Hi, do you mind if I talk to you for a second?" (Id. ¶ 6.) Ceja, who had a tattoo on the front of his neck, turned and walked toward Officer Garcia. (Id.) Officer Garcia concluded that Ceja was a gang member based on the tattoo, neighborhood, and his manner of dress. (Id.) Ceja turned and ran away when he was 5–7 feet away from Officer Garcia. (Id. ¶ 7.)

Officer Garcia began chasing Ceja. (Id. ¶ 7.) While running, Ceja put his right hand inside his sweatshirt pocket. (Id.) When he removed his hand, he was holding a chrome handgun and continuing to ignore Officer Garcia's commands to stop and get on the ground. (Id. ¶ 9.) Defendants do not claim Ceja pointed a weapon at or threatened Officer Garcia. Ceja eventually stumbled forward onto the grass north of the sidewalk, and the handgun flew about 2 feet into the adjacent shrubbery. (Id. ¶ 10.) Officer Garcia then stopped about 4–5 away. (Id.)

The parties dispute the subsequent events. Officer Garcia claims that Ceja, who was now seated on the ground, put his left hand into his sweatshirt pocket. (Id. ¶ 10.) Officer Garcia thought that Ceja was manipulating a second handgun in his pocket. (Id. ¶ 16.) Officer Garcia therefore pointed his gun at Ceja and ordered him to show his hands. (Id.) Ceja did not comply. (Id.) Officer Garcia gave the order three times. (Id.) He claims he then fired two rounds because he feared that Ceja would shoot him through the sweatshirt. (Id.)

Defendants present the testimony of two eyewitnesses. Jason Clements, who was driving when he saw Ceja running, saw Ceja fall to the ground, and Officer Garcia stop and point a handgun at Ceja. (Id. ¶ 11.) Ceja's right hand was in his right front shorts pocket, moving around as if Ceja was attempting to remove an object therein. (Id.) Clements could not hear what Officer Garcia was saying, and his view of the parties was obstructed at the time Officer Garcia fired. (Id.) Diane Silva saw Officer Garcia with his weapon drawn, although she never saw Ceja. (Id. ¶ 13.) According to Silva, Officer Garcia yelled "Stop" and something to the effect of "Get your hands out of your pockets"

---

[2] Defendants present no evidence of the individuals' state of mind. (SGD ¶ 2.) There also is no evidence that the men were engaging in criminal activity when Officer Garcia noticed them.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 12-00622 JVS(JPRx)                               Date   August 6, 2013

Title   Barbara Padilla, et al. v City of Anaheim, et al

or "Don't put your hands in your pockets" three times before Officer Garcia fired. (Id. ¶ 14.)

Plaintiffs, on the other hand, contend that Ceja's hands were outside his pockets the whole time—or at least when Officer Garcia fired. (See SGD ¶ 10.) One eyewitness, Manuel Alejandro Ramirez Penaloza, testified that when Officer Garcia said, "Raise your hands," Ceja "had them up. He raised them." (Penaloza Deposition at 19:9–11, Docket No. 27-2.) Officer Garcia shot Ceja "as soon as he put his hands up." (Id. at 19:18–20.) Penaloza never saw Ceja's hands in his pocket beforehand, nor did he hear Officer Garcia tell Ceja to take his hands out of his pocket. (Id. at 21:9–15.)

Plaintiffs also submit an autopsy report by the Orange County Sheriff-Coroner ("Autopsy Report," Docket No. 27-2) and expert reports by Roger Clark ("Clark Expert Report," Docket No. 27-2) and Marc A. Firestone ("Firestone Expert Report," Docket No. 27-2).[3] The Autopsy Report details three gunshot wounds: (1) an entrance wound at the right upper chest, without an exit wound; (2) an entrance wound at the left upper abdomen, with an exit wound at the right lower back; and (3) an entrance wound at the left posterolateral wrist, with an exit wound situated at the base of the left thumb. (Autopsy Report, at 3–4.) The Report visually depicts the location of the wounds. (Id. at 9.) Clark concluded that one bullet entered Ceja's chest, while the other went through his left wrist, exited his upper thumb, and entered his upper left abdomen. (Clark Expert Report, at 4.) He further opined that because there also was no hole in the sweatshirt pocket, Ceja's left hand was in view at the time Officer Garcia fired.[4] (Id. at 4.)

Plaintiffs allege that Defendants' actions violated the Fourth, Fifth, Eighth, and Fourteenth Amendments, and Cal. Civ. Code §§ 51, 51.7, 52, and 52.1. (Complaint ¶ 15, Docket No. 1.) Plaintiffs bring claims for (1) 42 U.S.C. § 1983 violations; (2) municipal

---

[3] None of these reports were sworn or submitted via a declaration by the authors. Defendants, however, failed to object to their admissibility.

[4] The Court cannot take this fact as true, but may rely on testimony about the evidence. See Paddack v. Dave Christensen, Inc., 745 F.2d 1254, 1262 (9th Cir. 1983) (citation omitted) (Rule 703 "does not allow the admission of the reports to establish the truth of what they assert."); Monsanto Co. v. David, 516 F.3d 1009, 1015–16 (Fed. Cir. 2008) (citations omitted) (noting that although Fed. R. Evid. 703 allows experts to rely on otherwise inadmissible evidence to form an opinion, only the testimony about the evidence is admissible, not the evidence itself).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 12-00622 JVS(JPRx)                          Date   August 6, 2013

Title   Barbara Padilla, et al. v City of Anaheim, et al

liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); (3) state law wrongful death and survival claims under Cal. Civ. Code §§ 377.60 and 337.30 based on (a) assault and battery; (b) negligence; and (c) negligent hiring, training, and retention; and (4) state civil rights violations. Defendants' Motion only addresses excessive force, substantive due process, municipal liability, and the state law wrongful death claim.

II.   LEGAL STANDARD

Summary judgment is appropriate where the record, read in the light most favorable to the nonmoving party, indicates "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Summary adjudication, or partial summary judgment "upon all or any part of [a] claim," is appropriate where there is no genuine dispute as to any material fact regarding that portion of the claim. Fed. R. Civ. P. 56(a); see also Lies v. Farrell Lines, Inc., 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks omitted).

The burden initially is on the moving party to demonstrate an absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. If the moving party meets its burden, then the nonmoving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact. See id. at 322–23. If the nonmoving party meets this burden, the motion will be denied. Nissan Fire & Marine Ins. Co. v. Fritz Co., 210 F.3d 1099, 1103 (9th Cir. 2000).

Material facts are those necessary to the proof or defense of a claim, and they are determined by reference to substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322. A fact issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. To demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (citations and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-00622 JVS(JPRx) | Date | August 6, 2013 |
|---|---|---|---|
| Title | Barbara Padilla, et al. v City of Anaheim, et al | | |

internal quotation marks omitted). In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and the opposing party must produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

III.  DISCUSSION

Defendants argue that they are entitled to summary judgment because Officer Garcia shot Ceja in self-defense and reasonably believed Ceja was going to retrieve a gun and shoot Officer Garcia. The Court addresses each claim in turn.

A.  **Fourth Amendment Excessive Force Claim**

Plaintiffs' first cause of action includes an excessive force claim. An excessive force inquiry requires examination of the totality of the circumstances. Davis v. City of Las Vegas, 478 F.3d 1048, 1055 (9th Cir. 2007). Courts determine whether the use of force was objectively reasonable through "a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Graham v. Connor, 490 U.S. 386, 396 (1989). These interests include: (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight. Bryan v. Macpherson, 630 F.3d 805, 818 (9th Cir. 2009) (quoting Graham, 490 U.S. at 396).

"Apprehension by deadly force is a seizure subject to the Fourth Amendment's reasonableness requirement." Wilkinson v. Torres, 610 F.3d 546, 550 (9th Cir. 2010) (citation omitted). Defendants argue that Officer Garcia's use of force was objectively reasonable because (1) the location has gang and drug trafficking problems; (2) Officer Garcia believed Ceja may be a gang member based on the location, his dress, and his tattoo; (3) Ceja ran away, supporting an inference that he was involved in criminal activity; (4) Ceja was carrying a chrome handgun; and (5) while on the ground, Ceja placed his left hand in his sweatshirt pocket and was manipulating it, leading Officer Garcia to believe Ceja was about to shoot at him through the pocket with another handgun. (Motion, at 9–10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 12-00622 JVS(JPRx)                                Date   August 6, 2013

Title   Barbara Padilla, et al. v City of Anaheim, et al

      The Court disagrees. Construing the facts in the light most favorable to Plaintiffs, triable issues of fact exist regarding whether Ceja posed an immediate threat to Officer Garcia's safety. First, Defendants do not contend that Ceja committed any crime before Officer Garcia first approached the men based on their presence in the neighborhood and dress. Even when Ceja chose to run, he had committed no crime. Moreover, although Ceja's gun flew out of his hands, he never verbally or physically threatened Officer Garcia from falling on the ground. And although Officer Garcia thought Ceja was manipulating a gun in his pocket while on the ground, no evidence corroborates that belief. Thus, the Court finds that the first Graham factor does not support a finding of reasonableness as a matter of law based on Ceja's decision to run away from Officer Garcia.

      Second, and most importantly, there is a dispute of fact as to whether Ceja's hands were inside or outside of his sweatshirt pocket when Officer Garcia fired. Officer Garcia claims Ceja repeatedly failed to show his hands. (SUF ¶ 16.) Courts, however, are discouraged from relying solely on the officer's story and should consider circumstantial evidence. See, e.g., Scoff v. Henrich, 39 F.3d 912, 915 (9th Cir. 1994); Hopkins v. Andaya, 958 F.2d 881, 885 (9th Cir. 1992). Here, none of Defendants' eyewitnesses could see the position of Ceja's hands when Officer Garcia fired. Clements even thought Ceja's *right* hand was in his pocket. Plaintiffs, meanwhile, present evidence suggesting that by the time Officer Garcia fired, Ceja's hands were outside of his pockets and that he was raising them. (See SGD ¶¶ 10; Penaloza Deposition at 19–21; Clark Expert Report, at 4 (reasoning that hands were outside pocket because, *inter alia*, there was no hole in sweatshirt.) This disputed fact is material; if Ceja's hands were outside of his pockets and unarmed, then any threat he may have posed to Officer Garcia substantially was diminished. See Glenn v. Washington Cnty., 673 F.3d 864, 872 (9th Cir.2011) ("The most important [Graham] factor is whether the individual posed an immediate threat to the safety of the officers or others."). A factfinder must assess the credibility of Officer Garcia's and Penaloza's accounts, and consider the weight to be given to the Autopsy Report and expert testimony.

      Accordingly, the Court **DENIES** the Motion as to the claim under the Fourth Amendment.[5]

---

[5] Defendants do not move for summary judgment on qualified immunity grounds.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 12-00622 JVS(JPRx)                              Date   August 6, 2013

Title   Barbara Padilla, et al. v City of Anaheim, et al

B.   **Fourteenth Amendment Substantive Due Process Claim**

  Plaintiffs' first cause of action also includes a substantive due process claim under the Fourteenth Amendment. A parent has a fundamental liberty interest in the companionship and society of his child and the state's interference with that liberty interest may be remedied under § 1983. Crowe v. Cnty. of San Diego, 593 F.3d 841, 876 (9th Cir.), amended by 608 F.3d 406 (9th Cir. 2010). Official conduct that "shocks the conscience" in depriving the parent of such an interest can constitute a due process violation.[6] Porter v. Osborn, 546 F.3d 1131, 1137 (9th Cir. 2008). The "shocks the conscience" standard may be met by a showing that an officer engaged in excessive force with "deliberate indifference" or "acted with a purpose to harm . . . unrelated to legitimate law enforcement objectives." Id. The standard that should be applied depends upon the degree to which, under the circumstances, actual deliberation is practical. Wilkinson, 610 F.3d at 554. "[W]hen an officer encounters fast-paced circumstances presenting competing public safety obligations, the purpose to harm standard must apply." Porter, 546 F.3d at 1139. A purely reactive decision to give chase does not evidence an intention to "induce . . . lawlessness, or to terrorize, cause harm, or kill," id. at 1140 (quoting Lewis, 523 U.S. at 855), unlike situations where an officer uses force against a suspect to "teach him a lesson" or "get even," id.

  In Porter, the court found that actual deliberation was not practical where a five-minute altercation between the officers and victim evolved quickly and forced the

---

[6] The Ninth Circuit has been somewhat inconsistent in a precise articulation of the correct legal standard, with part of its articulation arguably at odds with Supreme Court precedent. Compare Crowe, 608 F.3d at 441 n.23 (in analysis of deprivation of familial companionship claim based on placement of children in protective custody prior to plaintiff's arrest, stating that "[t]he standard for deprivation of familial companionship is 'unwarranted interference,' not conduct which 'shocks the conscience'" (citations omitted)), and Lee v. City of L.A., 250 F.3d 668, 686 (9th Cir. 2001) (finding that "defendants' actions and policies constituted an 'unwarranted interference'" with plaintiffs' right to familial association under the Fourteenth Amendment), with Cnty. of Sacramento v. Lewis, 523 U.S. 833, 846 (1998) ("[T]he substantive component of the Due Process Clause is violated by executive action only when it can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense."), Crowe, 608 F.3d at 431–32 (analyzing substantive due process claim based on coercive interrogation techniques under shocks the conscience test), and Porter, 546 F.3d at 1137 ("The Supreme Court has made it clear, as the district court correctly recognized, that only official conduct that "shocks the conscience" is cognizable as a due process violation."). The weight of authority in the Ninth Circuit, however, supports the "shocks the conscience" formulation for claims like Plaintiffs'.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-00622 JVS(JPRx) | Date | August 6, 2013 |
| Title | Barbara Padilla, et al. v City of Anaheim, et al | | |

officers to make "repeated split-second decisions." Id. In Wilkinson, the court found that no evidence showed the officer had any purpose to harm apart from legitimate law enforcement objectives, because another officer had fallen down, Wilkinson was revving the engine in his minivan, and no one could predict whether the minivan would accelerate into the other officers. 610 F.3d at 554–55.

Plaintiffs argue that a reasonable factfinder could find that Officer Garcia acted with a purpose to harm because he fired two rounds at an unarmed individual who had raised his hands and was attempting to surrender. (Opposition, at 8–9.) It is a close call, because the events occurred rapidly, and there is no evidence that Officer Garcia had any specific animus toward Ceja. The Court agrees with Plaintiffs, however, in light of the triable issues of fact that exist regarding what happened after Ceja fell to the ground and no longer was evading Officer Garcia. Specifically, Penaloza claims that Ceja never had his hands in his pockets. (Penaloza Deposition at 21:9–15.) The expert witnesses also believe that Ceja's hands were outside his pockets when Officer Garcia fired. A reasonable jury could credit that testimony and find that Officer Garcia had time to "actually deliberate" and need not have shot at Ceja to further a legitimate law enforcement objective. Thus, the circumstances may not have demanded any instant judgment, and the "purpose to harm" standard may not apply even though the incident lasted only a couple of minutes. See Wilkinson, 610 F.3d at 554 (concluding that purpose to harm standard applies when "a suspect's evasive actions force the officers to act quickly"); see also Johnson v. Bay Area Rapid Transit, 790 F. Supp. 2d 1034, 1066 (N.D. Cal. 2011) (finding that questions of material fact about whether use of force was lawful under totality of circumstances and consequently whether they constitute a legitimate law enforcement objective preclude summary judgment on Fourteenth Amendment claim). Therefore, there are questions about the nature and propriety of Officer Garcia's actions for a jury.

Accordingly, the Court **DENIES** the Motion as to the claim under the Fourteenth Amendment. Any other claims in the first cause of action also remain viable because Defendants failed to address their merits.

C. **Monell Claim**

Plaintiffs withdraw their Monell claim. (Opposition, at 10.) Accordingly, the Court **GRANTS** the Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 12-00622 JVS(JPRx)                                    Date   August 6, 2013

Title   Barbara Padilla, et al. v City of Anaheim, et al

     D.    **State Law Claims**

     Defendants move for summary judgment on the state law wrongful death claims. An assault and battery claim against a police officer requires that unreasonable force be established, Edson v. City of Anaheim, 63 Cal. App. 4th 1269, 1272 (1998), while the negligence claim require assessing whether the officer used reasonable care in quelling the disturbance, Miller v. Kennedy, 196 Cal. App. 3d 141, 144 (1987). Because the same standards apply to state law claims and § 1983 claims premised on constitutionally prohibited excessive force, the fact that Plaintiffs' § 1983 claims survive under the Fourth Amendment also means the state law wrongful death claims survive. Nelson v. City of Davis, 709 F. Supp. 2d 978, 992–93 (E.D. Cal. 2010). Defendants make no argument as to the other state law claims. Accordingly, the Court **DENIES** the Motion as to the third and fourth causes of action.[7]

IV.    CONCLUSION

     For the foregoing reasons, the Defendants' Motion for Summary Judgment and/or Partial Summary Judgment is **GRANTED in part** and **DENIED in part**.

     IT IS SO ORDERED.

                                                                                                        0    :    0

                                                                      Initials of Preparer       enm

---

[7] One claim in the third cause of action is for negligent hiring, training, and retention. (Complaint, at 16.) At the hearing on August 5, 2013, Plaintiffs said they were not prepared to withdraw the claim. Accordingly, the Court does not grant judgment to Defendants on this claim.