**SAYRE & LEVITT, LLP**
Federico Castelan Sayre, Esq., (SBN: 067420)
sayreesq@sayrelevitt.com
Adam L. Salamoff, Esq., (SBN:193686)
asalamoff@sayrelevitt.com
333 Civic Center Drive West
Santa Ana, CA  92701
T: (714) 550-9117 / F: (714) 716-8445

Attorneys for Plaintiff, BARBARA PADILLA and MARIO CEJA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA PADILLA and MARIO CEJA,<br><br>        Plaintiffs,<br><br>v.<br><br>CITY OF ANAHEIM, ANAHEIM POLICE DEPARTMENT, AND DOE OFFICERS OF THE ANAHEIM POLICE DEPARTMENT, and DOES 1 through 100, Inclusive,<br><br>        Defendants. | CASE NO. SACV12-622 JVS (JPRx)<br><br>**PLAINTIFFS' TRIAL BRIEF**<br><br>Date: August 6, 2013<br>Time: 1:30 p.m.<br>Loc:  Judicate West – Santa Ana<br><br>Judge James V. Selna<br><br>Trial: September 24, 2013 |

On November 4, 2011, MARCEL CEJA, the son of BARBARA PADILLA and MARIO CEJA, was shot to death by Anaheim Police OFFICER DAVID GARCIA. The shooting occurred in the 2300 block of East Ball Road, in Anaheim, California, at approximately 11:54 a.m.  The Defendants will stipulate that DAVID GARCIA was acting within the course and scope of his employment as a police officer by stipulating that he was functioning under color of law.  OFFICER GARCIA shot MARCEL CEJA

twice, once in the upper left abdomen and once in the right chest. One of those two bullets went through his left hand, according to the Coroner's report.

OFFICER GARCIA drove by three young Hispanic males who were walking down the street on Ball Road dressed in hoodies. According to him, this aroused his suspicion. He went around the block and came back to Ball Road and saw that they were still walking on Ball Road but in the opposite direction from which they had been walking when he first saw them. He contends this change in direction plus being dressed in hoodies raised his suspicion of wrongdoing.

OFFICER GARCIA drove his car against traffic and stopped alongside of the three young men getting out with his baton in his hand saying he wanted to talk to them. Two of the men continued walking but MARCEL CEJA turned around and walked back in response to the officer's request. As MARCEL CEJA got close to the officer, he turned around and saw that the other two were continuing to walk in the direction that they had been walking. MARCEL CEJA turned around and ran away from the officer.

OFFICER GARCIA pursued MARCEL CEJA down the street, across the street, back across the street and down the street in the other direction. Close to the scene of the shooting, a gun in the right pocket of MARCEL CEJA was either tossed or fell out of his pocket and went into the bushes out of his reach. MARCEL CEJA stumbled and fell on his face in the grass off of the sidewalk. He turned around in response to the officer's commands and was seated facing the officer with his legs bent at the knees in front of him when the officer shot him to death. The main factual dispute in the case is whether or not MARCEL CEJA had his hands up as three independent witnesses say at the time that he was shot or whether his left hand was in his left hoodie pocket, which OFFICER GARCIA said at the time that he was shot. OFFICER GARCIA contends that MARCEL CEJA'S left hand was inside the left pocket of his hoodie and that he was afraid that MARCEL CEJA was reaching for another gun. He alleges that he told him three times to take his hand out of his pocket and then he shot him without any further

1  warning that he was going to fire. In the radio transmission between dispatch and the
2  officer, you can hear the officer say "get down bitch" and about two seconds later the
3  shots were fired. No statement is heard on the dispatch about "take your hands out of
4  your pocket". The Defendants will produce a witness who will testify that she thought
5  she heard the officer say "don't put your hand in your pocket" or "take your hand out of
6  your pocket". The Plaintiffs will produce three independent witnesses Manuel Ramirez,
7  James Weathersby and Gabriel Arredondo who will testify that at the time that
8  MARCEL CEJA was shot his hands were up in front of his body.
9        The physical evidence show bullet holes in the chest area of the hoodie. There are
10 no bullet holes in either hoodie pocket and the coroner has found that one of the two
11 bullets fired by OFFICER GARCIA, which went into either his upper abdomen or his
12 chest also went through his left hand.
13       Marc Firestone, who is an expert at physics, will testify that MARCEL CEJA'S
14 hand had to be in the chest area of his body at the time of the shooting to enable the
15 bullet to go through his hand and into either the upper abdomen or his chest. He will say
16 that it is an impossibility, from a scientific standpoint, that MARCEL CEJA'S left hand
17 was in his pocket both before and after the shooting as OFFICER GARCIA has testified.
18       Roger Clark, who retired from Los Angeles Sheriff's Department after 31 years as
19 a Lieutenant, will testify that OFFICER GARCIA should not have fired his weapon
20 because he was not confronted with an immediate danger of life situation. He will also
21 testify that OFFICER GARCIA'S engagement in the solo foot pursuit did not follow the
22 tactical guidelines required of a basic Post Certified Law Enforcement Officer. Roger
23 Clark asserts that OFFICER GARCIA had various less-than-lethal and/or non-force
24 options available to him, including using his radio in calling back up units, set up
25 containment in the perimeter to apprehend MARCEL CEJA without the use of lethal
26 force.
27
28

Officer Joe Callanan, who is the expert for the Defendants, agrees that if MARCEL CEJA'S hands were raised, as it will be testified to by Mr. Ramirez, Mr. Weathersby and Mr. Arredondo, that the shooting of MARCEL CEJA by OFFICER GARCIA would be excessive force, a violation of his civil rights and, probably, a crime.

It is the position of Plaintiffs that the Defendants, and each of them, were in violation of the Fourth and Fourteenth Amendments of the United States Constitution, and the actions undertaken by Defendant GARCIA constituted an unjustified seizure of his person, deprivation of his liberty, excessive force and were in violation of MARCEL CEJA's civil rights under color of law under 42 U.S.C. §1983.

Plaintiffs BARBARA PADILLA and MARIO CEJA are the parents of MARCEL CEJA. They are seeking as damages the loss of aid, comfort and society and funeral burial expenses. They are also seeking damages provided for under 42 USC 1983, statute and cases as direct heirs of the estate of MARCEL CEJA as follows:

1. The decedent MARCEL CEJA'S pain, suffering and emotional distress from the time of his shooting to the time of his death.
2. The loss of the value of the life of MARCEL CEJA' to himself recoverable as direct heirs of his estate.
3. The violation of MARCEL CEJA'S civil rights and the violation of the civil rights of BARBARA PADILLA and MARIO CEJA as provided for under the civil rights statute.

DATED: September 19, 2013          **SAYRE & LEVITT, LLP**

By: _/s/ Federico Sayre_
Federico C. Sayre
Adam L. Salamoff
Attorneys for Plaintiffs