**SAYRE & LEVITT, LLP**
Federico Castelan Sayre, Esq., (SBN: 67420)
sayreesq@sayrelevitt.com
Adam L. Salamoff, Esq., (SBN:193686)
asalamoff@sayrelevitt.com
333 Civic Center Drive West
Santa Ana, CA   92701
T: (714) 550-9117 / F: (714) 716-8445

Attorneys for Plaintiffs, BARBARA PADILLA and MARIO CEJA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA PADILLA and MARIO CEJA,<br><br>         Plaintiffs,<br><br>v.<br><br>CITY OF ANAHEIM, ANAHEIM POLICE DEPARTMENT, AND DOE OFFICERS OF THE ANAHEIM POLICE DEPARTMENT, and DOES 1 through 100, Inclusive,<br><br>         Defendants. | ) CASE NO. SACV12-622 JVS (JPRx)<br>) Assigned to: Hon. James V. Selna<br>) Discovery Magistrate:<br>) Judge Jean P. Rosenbluth<br>)<br>) **PLAINTIFFS' BRIEF REGARDING**<br>) **PAIN AND SUFFERING AND LOSS OF**<br>) **LIFE DAMAGES**<br>)<br>) Trial: 09/24/13<br>) Time: 8:30 am<br>) Place: Courtroom 10C<br>)<br>) |

////

////

////

////

1

I. INTRODUCTION

Plaintiffs, like Defendants, acknowledge that there is a spilt of authority on the issue of whether a Plaintiff pursuing a 1983 action for violations of civil rights may recover for the **pain and suffering** endured by the decedent and the decedent's **loss of the value of his own life** to himself. Consequently, Plaintiffs provide the court with a briefing on some of the cases permitting Plaintiffs to recover damages on pain and suffering.

The ultimate question of importance that must be resolved by this Court, and Your Honor, is whether California's wrongful death statute impairs or infringes upon Section 1983's policy objectives and aims of providing recompense for the wrongful deprivation of civil and constitutional rights. If this Court concludes that California's wrongful death statute is an impediment to the federal policy objectives inherent in section 1983, then the wrongful death statute cannot apply and the Court should permit the Plaintiffs to submit the damages issues to the jury on the decedent's pain and suffering and the value of his loss of life to himself.

II. POLICY OBJECTIVES OF SECTION 1983

In *Monroe v Pape*, 365 U.S. 167 (1961), *ovrld in part on other grounds by Monell v Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the United State Supreme Court addressed the issue of the purpose of Section 1983. "The question with which we now deal is the narrower one of whether Congress, in enacting § 1979 [currently section 1983], meant to give a remedy to parties deprived of constitutional rights, privileges and immunities by an official's abuse of his position." *Id.* at 172.

> The legislation -- in particular the section with which we are now concerned had several purposes. There are threads of many thoughts running through the debates. One who reads them in their entirety sees that the present section had three main aims.
>
> *First*, it might, of course, override certain kinds of state laws. . .

PLAINTIFFS' BRIEF REGARDING PAIN AND SUFFERING AND LOSS OF LIFE DAMAGES

> *Second,* it provided a remedy where state law was inadequate. . .
>
> But the purposes were much broader. The *third* aim was to provide a federal remedy where the state remedy, though adequate in theory, was not available in practice. The opposition to the measure complained that 'It overrides the reserved powers of the States,' just as they argued that the second section of the bill 'absorb[ed] the entire jurisdiction of the States over their local and domestic affairs.'

*Id.* at 173-174.

> The debates [with respect to Section 1983] were long and extensive. It is abundantly clear that one reason the legislation was passed was to afford a federal right in federal courts because, by reason of prejudice, passion, neglect, intolerance or otherwise, state laws might not be enforced and the claims of citizens to the enjoyment of rights, privileges, and immunities guaranteed by the Fourteenth Amendment might be denied by the state agencies.

*Id.* at 180.

> In resolving questions of inconsistency between state and federal law. . . courts must look not only at particular federal statutes and constitutional provisions, but also at the policies expressed in them. Of particular importance is whether application of state law would be inconsistent with the federal policy underlying the cause of action under consideration. . . The policies underlying § 1983 include compensation of persons injured by deprivation of federal rights and prevention of abuses of power by those acting under color of state law.

*Robertson v. Wegmann*, 436 U.S. 584, 590-591 (1978). Thus, if state law is inconsistent with compensating victims and deterring constitutional violations, Section 1983 may override state laws, provide remedies where state law is inadequate, and provide remedies where state law makes a remedy theoretically possible, yet impractical.

### III. CALIFORNIA'S WRONGFUL DEATH STATUTE

The exclusion found within California's wrongful death statute practically forecloses the ability to recover anything by a deceased victim's survivors.

> In an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and do not include damages for pain, suffering, or disfigurement.

Code Civ. Proc. § 377.34.

Although California's statute purports to allow a full recovery of all damages that would be recoverable had the plaintiff lived, the exclusion of pain and suffering takes away nearly the entire practical benefit of the statute.

## IV. PAIN AND SUFFERING DAMAGES IN FEDERAL COURT

Several courts have permitted pain and suffering damages in federal civil rights actions seeking redress for constitutional deprivations.

In *Guyton v. Phillips*, 532 F. Supp. 1154 (N.D. Cal. 1981), the *Guyton* permitted recovery of pain and suffering damages notwithstanding the restrictions found within California's wrongful death statute. Plaintiff brought an action to recover damages for the death of her son who was shot by police officers. *Id* at 1156. The issue was whether a "plaintiff's recovery in a federal civil rights action under § 1983 [is] limited to those damages permitted by the state survival statute." *Id* at 1164. The court ruled that **pain and suffering**, medical and burial expenses, **deprivation of life** without due process of law, and punitive damages were all recoverable as damages. *Id* at 1169. The court reasoned that "California's survival statute, insofar as it excludes recovery for pain and suffering, is inconsistent with § 1983 [as its] restrictions on recovery are significantly inhospitable to the policies fostered by the Act." *Id.* at 1166. The court observed that pain and suffering are recoverable in most jurisdictions and noted that "there may be substantial deterrent effect to conduct that results in the injury of an individual, but virtually no deterrent to conduct that kills its victim." *Id.*

In *Bell v. Milwaukee*, 746 F.2d 1205 (7th Cir. 1984), *ovrld in part* as to a constitutional right to recover for the loss of companionship of an adult child *as stated in Russ v. Watts*, 414 F.3d 783, 791 (7th Cir. 2005), the Seventh Circuit confronted the question of whether Wisconsin's wrongful death statutes limiting recoveries were inconsistent with Section 1983. *Id.* at 1251. The Wisconsin statutes did not permit the recovery of damages for loss of life, *id.* at 1235, but did allow recovery for pain and suffering prior to death. *Id.* at 1235. The statute also placed a cap on the amount of damages that could be recovered. *Id.* at 1251. Citing *Guyton* and other cases as allowing pre-death damages, *id.* at 1240, and federal policies favoring compensation for constitutional violations, the court found the Wisconsin law to be inconsistent with Section 1983 and permitted the decedent's estate to recover a larger amount of damages than was authorized by state law. *Id.* at 1251.

In *Hirschfield v. San Diego Unified Port Dist.*, the court addressed whether or not to allow an amendment of the pleadings to include allegations regarding pain and suffering. 2009 U.S. Dist. LEXIS 94232, *3 (S.D. Cal. Oct. 8, 2009). The court observed "[t]he Ninth Circuit has not spoken on the issue of whether pain and suffering damages are recoverable in § 1983 actions, and the district courts within the Circuit are split on the issue." *Id.* at *9. After discussing the unsettled state of the law, the court held

> Although the issue before the Court is subject to debate, **the Court agrees with the courts that hold that it would undermine the policies of § 1983 to apply state laws that preclude the recovery of <u>loss-of-life or pain and suffering damages</u> when the death of the victim resulted from the alleged unconstitutional violations**. In cases such as this one, where the decedent died almost immediately following the alleged constitutional conduct, absent damages for pain and suffering or loss of life, the recoverable compensatory damages for the injury inflicted on the decedent would be minimal to non-existent. The Court believes that such a result would be contrary to § 1983's goals of compensation and deterrence.

*Id.* at *12 (emphasis added). Consequently, the Plaintiffs were permitted to amend their complaint to include allegations of pain and suffering damages and loss of life. *Id.*

In *Cotton v. City of Eureka*, 860 F. Supp. 2d 999, 1012 (N.D. Cal. 2012) the *Cotton* court also addressed whether California's wrongful death statute prohibiting pain and suffering damages was inconsistent with the objectives of Section 1983.

> At bottom, **the Court finds that application of California's prohibition on the recovery of damages for pain and suffering in survival actions is inconsistent with § 1983.** Had the Decedent survived, he indisputably would be entitled to compensation for the pain and suffering he endured as a result of Defendants' use of excessive force and deliberate indifference to his serious medical needs. Precluding such damages would plainly undermine § 1983's twin goals of compensation and deterrence. Similarly, eliminating pain and suffering damages in an action where the victim dies would also undermine the statute's subsidiary goals of uniformity and federalism, particularly since a potential damage award could vary significantly depending on the forum in which the action was filed.

*Id.* at 1014 (emphasis added). The *Cotton* court considered the *Venerable* and *Provencio* cases and counsel's argument who, like the Defendants in this action, urged the court to follow the Eastern District line of cases. *Id.* at 1013. The court specifically rejected the reasoning articulated in *Venerable* and *Provencio* and further observed that

> **a majority of California district courts faced with the issue of whether § 377.34 precludes the recovery of pain and suffering damages in a § 1983 action have followed *Guyton*.** See *Guerrero v. County of San Benito*, No. C 08-0307 PVT, 2009 U.S. Dist. LEXIS 109053, 2009 WL 4251435, at *5 (N.D. Cal. Nov. 23, 2009); *Hirschfield v. San Diego Unified Port Dist.*, No. 08cv2103 BTM(NLS), 2009 U.S. Dist. LEXIS 94232, 2009 WL 3248101, at *4 (S.D. Cal. Oct. 8, 2009); *T.D.W. v. Riverside Cnty.*, No. EDCV 08-232 CAS, 2009 U.S. Dist. LEXIS 69189, 2009 WL 2252072, at *5-6 (S.D. Cal. July 27, 2009); *Garcia v. Whitehead*, 961 F. Supp. 230, 232-33 (C.D. Cal. 1997).
>
> **Other circuits and district courts addressing analogous state court survival statutes have likewise determined that the exclusion of**

> **damages for pain and suffering is inconsistent with the spirit and intent of § 1983.** See, e.g., Bass by *Lewis v. Wallenstein*, 769 F.2d 1173, 1190 (7th Cir. 1985); *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984); *McClurg v. Maricopa Cnty.*, No. CIV-09-1684-PHX-MHB, 2011 U.S. Dist. LEXIS 108943, 2011 WL 4434029, at *4 (D. Ariz. Sept. 23, 2011); *Gilbaugh v. Balzer*, No. Civ-99-1576-AS, 2001 U.S. Dist. LEXIS 9864, 2001 WL 34041889, at *5-7 (D. Or. June 7, 2001); *Banks v. Yokemick*, 177 F. Supp. 2d 239, 251-52 (S.D.N.Y. 2001); *Davis v. City of Ellensburg*, 651 F. Supp. 1248, 1256 (E.D. Wash. 1987).

*Id.* at 1012-1013.

Of course it would be a daunting feat, to say nothing of a waste of this Court's time, to go through each and every one of these cases merely to explain that each and every one of the above referenced courts reached the conclusion that pre-death damages such as pain and suffering and loss of life are recoverable in a Section 1983 action. Suffice it to say that the majority of cases allow **pain and suffering** and **loss of life** damages that accrued in favor of a decedent and pass to the benefit of his survivors.

## V. CONCLUSION

In summary, California's wrongful death statute does not preclude recovery for damages bases upon loss of life, but it does preclude recovery of damages for pain and suffering. Code Civ. Proc. § 377.34. Thus, **loss of life** damages are inherently recoverable because the statute has not excluded them. *Id.*

As for **pain and suffering** damages, the logic and reasoning employed by the courts is clear. If a remedy allowed under state law is inconsistent with the policy objectives of Section 1983, then state law may be disregarded. Indeed, Section 1983 may "override certain kinds of state laws" and "provide[s] a remedy where state law was inadequate." *Monroe*, 365 U.S. at 173-174. If the above referenced cases teach one thing, it is that state law is inadequate and inconsistent with Section 1983 because it rewards abuses and deprivations of civil rights by permitting Defendants to pay less in damages for killing members of the public than it does for merely injuring them.

Incentivizing such abuses of power is not only inconsistent with the purposes and aims of Section 1983, but would be a miscarriage of justice.

Plaintiffs should be permitted to pursue **pain and suffering** and **loss of life** damages in conjunction with their Section 1983 action.

DATED: September 20, 2013  SAYRE & LEVITT, LLP

By: /s/ Federico Sayre
Federico C. Sayre
Adam L. Salamoff
Attorneys for Plaintiffs
BARBARA PADILLA AND MARIO CEJA