UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 12-00622 JVS(JPRx) | Date | December 27, 2013 |
| Title | Barbara Padilla, et al. v City of Anaheim, et al | | |

| | |
|---|---|
| Present: The Honorable | James V. Selna |

| | |
|---|---|
| Ellen Matheson for Karla Tunis | Not Present |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS)  Order Re Plaintiffs' Motion for New Trial

   Plaintiffs Barbara Padilla and Mario Ceja (collectively, "Plaintiffs") move the Court for a new trial pursuant to Federal Rule of Civil Procedure 59. (Docket No. 78.) Defendants City of Anaheim and Officer David Garcia ("Officer Garcia") oppose. (Docket No. 79.) For the following reasons, the Court GRANTS the motion.

I.   Background

   The Court and the parties are familiar with the facts and procedural history of this case. Only facts necessary to this motion are herein discussed.
   On November 4, 2011, Anaheim City Police Officer Garcia shot and killed Mario Ceja ("Ceja"). Ceja's parents brought suit, alleging Ceja's civil rights were violated. The jury returned a defense verdict, which the Court entered on October 7, 2013. (Docket No. 74.) Plaintiffs timely move for a new trial.

II.   Legal Standard

   Pursuant to Rule 59(a), in an action in which there has been a jury trial, a new trial may be granted "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Courts may grant new trials, "even though the verdict is supported by substantial evidence, if the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice." United States v. 4.0 Acres of Land, 175 F.3d 1133, 1139 (9th Cir. 1999) (internal quotations omitted). Authority to grant a new trial "is

1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 12-00622 JVS(JPRx) | Date | December 27, 2013 |
| Title | Barbara Padilla, et al. v City of Anaheim, et al | | |

confided almost entirely to the exercise of discretion on the part of the trial court." Allied Chem. Corp. v. Daiflon, 449 U.S. 33, 36 (1980) (per curiam).

III.   Discussion

Plaintiffs present three grounds for a new trial: (1) the Court erred in permitting the defense to offer evidence of Ceja's relationship to a gang; (2) insufficient evidence was presented to the jury to support a defense verdict; and (3) the Court erred in instructing the jury using "moving force" language. The Court addresses each purported ground for new trial in turn.

   A.   Evidence of Ceja's Relationship to a Gang

Plaintiffs argue evidence of Ceja's relationship to a gang was erroneously admitted in violation of Federal Rules of Evidence 403 and 404. (Mot. 5-6.)

The Court did not err in admitting this evidence. Excessive force cases require the trier of fact to examine all the facts and circumstances confronting the officer to determine whether the use of force was reasonable. Graham v. Connor, 490 U.S. 386, 397 (1989). Officer Garcia could have reasonably inferred Ceja was a member of a gang from Ceja's tattoo and manner of dress. These facts are relevant to liability under the Graham analysis. Additionally, the fact and duration of gang membership is relevant to economic and potentially non-economic damages.[1]

The Court understands Plaintiffs' concern for prejudice, but the risk of prejudice was minimal given that the Court limited the inclusion of gang affiliation for both liability and damages. For liability purposes, the Court limited evidence to Ceja's membership in a gang and excluded other evidence, such as the length of his gang participation, the activities of the particular gang, or Ceja's gang moniker. (Order re

---

[1] This is not negated by Lee v. Andersen, cited by Plaintiffs. While in that case the Eighth Circuit found a district court erred in admitting evidence of gang affiliation, the Eighth Circuit merely held that in that case the evidence was more prejudicial than probative. 616 F.3d 803, 810 (8th Cir. 2010). The court specifically found that defendants "tacitly asked" the jury to draw the inference that gangs are more likely to engage in illegal activity and flee from police officers and thus that decedent had engaged in an illegal activity that caused him to flee. Id. The balance of relevance and prejudice comes out differently in the present case. Further, Lee does not address the use of gang affiliation as evidence of what the officers knew based on perceptible markers of gang affiliation borne by the decedent.

2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 12-00622 JVS(JPRx) | Date | December 27, 2013 |
| Title | Barbara Padilla, et al. v City of Anaheim, et al | | |

Plaintiffs' Motions in Limine 2-3, Docket No. 44.) With respect to damages, the Court limited the evidence to the fact and duration of gang membership. (Id.) Given these limitations, the introduction of gang evidence was not prejudicial.

### B.     Insufficient Evidence to Support a Defense Verdict

Plaintiffs also move for a new trial based on the insufficiency of evidence supporting a defense verdict. When considering a motion for new trial based on the insufficiency of evidence, the Court "may grant a new trial only if the jury's verdict was against the clear weight of the evidence." Tortu v. Las Vegas Metro. Police Dept., 556 F.3d 1075, 1083 (9th Cir. 2009) (internal quotation and citation omitted).

Plaintiffs' primary argument at trial was that Ceja had his hands up at the time of being shot, not in his left sweatshirt pocket as Defendants contended. Such positioning could have indicated Ceja's death was a civil rights violation. Plaintiffs argue the following pieces of evidence require a verdict for the Plaintiffs: testimony from three independent witnesses that Ceja's hands were up at the time he was shot; bullet wounds and trajectories that indicate a bullet pierced Ceja's left wrist before entering Ceja's right chest; bullet holes in the sweatshirt including one in the left sleeve consistent with Ceja's wound to his left wrist but no holes in either sweatshirt pocket; expert testimony that it was impossible for Ceja to have incurred such injuries with his hand in his left sweatshirt pocket; similar testimony from two coroners; and no physical or scientific evidence contradicting Plaintiffs' argument that Ceja's hands were up. (Mot. 10-12.)

At trial there was also evidence to support a defense verdict. Such evidence included testimony from the coroner that Ceja's hand could have been part in and part out of his pocket, testimony from Plaintiffs' expert that Ceja was shot in the back of the hand, and Officer Garcia's testimony.[2] From this evidence, a jury could infer that Ceja's hand was at least partially in his pocket and that Officer Garcia reacted reasonably in the short window of time he reasonably believed he had.

In issuing its tentative ruling denying the Motion, the Court cited an additional piece of evidence in support of the verdict: "the audio recording of the shooting which indicated a very short amount of time elapsed between Officer Garcia's demands and the

---

[2] Plaintiffs bury in their insufficiency of evidence argument an argument that Officer Garcia's testimony was more prejudicial than probative. (Mot. 13.) This argument is unfounded. Plaintiffs tie this argument to the admission of evidence regarding gang affiliation but, as noted, the Court was correct to admit gang affiliation. Additionally, other evidence supports Officer Garcia's testimony.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 12-00622 JVS(JPRx)                                Date  December 27, 2013

Title  Barbara Padilla, et al. v City of Anaheim, et al

shooting.³" (Tentative Order re Motion for New Trial, p. 3.) The Court placed great weight on this piece of evidence. Following the hearing, the Court requested copies of the recording and the accompanying transcript, Exhibits 56 and 57. (See Docket No. 85.) Contrary to the Court's recollection at trial, the recording does not reveal a command from Garcia with regard to Ceja's hand or the shots fired. At the Court's request, the parties confirmed the Court's conclusion. (Docket Nos. 88, 89.)

The Court had initially concluded that notwithstanding the strong physical evidence supporting Plaintiffs' position, the jury could have heard a command on the tape, inferred that Ceja was not following it, and found that Officer Garcia then fired. The recording does not support this line of reasoning.⁴

At the hearing, the Defendants ably showed how the jury could have reached its defense verdict on the basis of the evidence. The Court finds that the verdict was supported. However, the Court also finds that in light of the physical evidence, the verdict is "against the clear weight of the evidence." Tortu, 556 F.3d at 1083.

The Motion is granted on this ground.

### C.     "Moving Force" Language in Jury Instructions

Plaintiffs also challenge as misleading the Court's jury instruction using "moving force" language. (Mot. 14.) Plaintiffs argue this language is only appropriate for a Monell-based section 1983 claim. (Id.) However, the Court's instruction complied with the Ninth Circuit's model jury instructions on causation for a section 1983 claim. Model Civil Jury Instruction 9.8; Oviatt v. Pearce, 954 F.2d 1470, 1481 (9th Cir. 1992). Model Jury Instruction 9.8 makes clear that the instruction applies to individual defendants. Model Civil Jury Instruction 9.8 (directing trial court to "specify name of individual defendant, supervisor's subordinates, local governing body, or local body's official, police officer, employee, or final policymaker" in instructing the jury using "moving force" language).

---

³[Footnote from tentative:] During its deliberations, the jury requested a playback of the audio recording.

⁴ To be sure, this theory is plausible, but it lacks what the Court had thought was a strong piece of evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-00622 JVS(JPRx) | Date | December 27, 2013 |
| Title | Barbara Padilla, et al. v City of Anaheim, et al | | |

IV. Conclusion

The motion for new trial is granted for the reasons stated above.

IT IS SO ORDERED.

| | : | 0 |
|---|---|---|
| Initials of Preparer | enm | |